IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LENA ARISTON,

Plaintiff,

v.

LOUIS DEJOY,
Postmaster General of the United States,

Defendant.

No. 3:21-cv-01669-HL

**FINDINGS AND RECOMMENDATION**

HALLMAN, United States Magistrate Judge:

Plaintiff Lena Ariston brings this action against Defendant Louis Dejoy, Postmaster General of the United States, asserting multiple violations of the law with respect to her employment with the United States Postal Service ("USPS"). Third Am. Compl. ("TAC"), ECF 51. Plaintiff moves for "summary adjudication regarding" "four discrimination/retaliation instances that have no dispute of fact." Pl.'s Mot. Sum. J. ("Mot.") 2–3, ECF 104.[1] For the reasons set forth below, Plaintiff's Motion should be DENIED.

[1] Plaintiff requests oral argument. Mot. 1. Defendant asserts that Plaintiff has waived any such request because she did not timely file her motion. Def.'s Resp. Mot. Sum. J. ("Resp.") 1–2, ECF 115. This Court need not consider Defendant's waiver argument because it concludes that oral argument would not be helpful in resolving this matter. *See* LR 7(d)(1).

## BACKGROUND

In 1986, Plaintiff began working for the USPS. TAC ¶ 17. In 2015, Plaintiff became Postmaster for Eugene, Oregon, and she held that position until her resignation. *Id.* at ¶¶ 17, 141. Beginning in 2018, Plaintiff came under the supervision of Anthony Spina-Denson ("Mr. Spina-Denson"). *Id.* at ¶ 23. Plaintiff alleges that USPS, primarily through Mr. Spina-Denson, subjected her to discrimination and retaliation, which ultimately led to her resignation on December 31, 2020. *Id.* at ¶¶ 139–41.

Plaintiff initiated this action after her resignation, and her Third Amended Complaint is the operative Complaint in this proceeding.[2] In her Complaint, she brings three claims for relief: (1) a claim for discrimination on the basis of gender, national origin, color, and race under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) a claim for retaliation based on her engagement in protected activity under Title VII; and (3) a claim for discrimination based on her age under the Age Discrimination in Employment Act ("ADEA"). *Id.* at ¶¶ 147–81

Plaintiff now moves for partial summary judgment on her discrimination and retaliation claims. Mot. 2. She offers the following narrative view of this motion:

> Though there are dozens and dozens of instances of harassment, discrimination and retaliation by Mr. Spina Denson and [USPS] against [Plaintiff], [Plaintiff is] putting forward only those where there is no issue of material fact. On numerous of Plaintiff's claims, even though there are multiple corroborating witnesses, Mr. Spina Denson denies the allegations. So, we will have to wait for trial to see if Mr. Spina Denson or if [Plaintiff] and her corroborating colleagues are deemed more credible.
>
> So, the undisputed facts, below, are only of the four discrimination/retaliation instances that have no dispute of fact. Dozens of others are not addressed in this motion.

[2] ECF 51 is the fourth version of Plaintiff's complaint. *See* ECF 102. However, ECF 51 is still improperly captioned as the "Third" Amended Complaint, and the Third Amended Complaint was filed at ECF 46.

*Id.* at 3. Plaintiff's motion identifies four allegedly retaliatory actions that form the basis of her motion: (1) a December 14, 2019, phone call where Mr. Spina-Denson yelled at her and a subsequent investigatory interview, *id.* at 4–5, 22; (2) the denial of sick leave, *id.* at 22–23; (3) assignment to the Eugene Southside Office, *id.* at 23; and (4) Mr. Spina-Denson's supervision of her at the Eugene Southside Office, *id.* at 23–24. Plaintiff also raises generalized complaints of discrimination, stating that "[a]ll of the four issues raised above (in the undisputed facts section and retaliation sections) constitute discrimination against" her. *Id.* at 26.

Defendant opposes summary judgment on the grounds that the Motion is premised on disputed facts. Resp. 9–13.[3]

**STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. ("Rule") 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings

---

[3] Defendant also argues that Plaintiff's Motion should be denied because it is untimely. Resp. 4–5. Although some of Plaintiff's supporting declarations were untimely filed by several hours, *see* ECF 106–08, this Court accepts Plaintiff's counsel's explanation of "technical difficulties," Dimitre Decl. ¶ 5, ECF 118-2, and concludes that there was good cause for the untimely filing.

and identify facts that show a genuine issue for trial. *Id.* at 324. Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630–31.

The Ninth Circuit has cautioned against too readily granting summary judgment in employee discrimination cases because of "the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004); *see also Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81–82 (1998) ("The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed.").

Thus, the Ninth Circuit has set "a high standard for the granting of summary judgment in employment discrimination cases." *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996). Courts require "very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the factfinder, upon a full record." *Id.* (citation modified). "[G]enerally, when intent is at issue, a jury should be allowed to draw its own inferences from the undisputed facts unless all reasonable inferences defeat" the non-moving party's claims. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 283 (9th Cir. 1979).

## DISCUSSION

### I. Plaintiff's threshold burden under Rule 56.

As a threshold matter, Plaintiff's Motion for Summary Judgment should be denied because she has failed to identify the parts of each claim upon which she seeks summary judgment, and her arguments are too undeveloped to be capable of assessment.

Rule 56(a) provides that "[a] party may move for summary judgment, *identifying* each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." (emphasis added). Therefore, a motion for summary judgment must set forth each claim or defense, or the part of each claim or defense, on which summary judgment is sought. *Garrison v. Nevada Dep't of Corr.*, No. 3:17-CV-00391-MMD-WGC, 2020 WL 7074174, at *3 (D. Nev. Nov. 16, 2020), *report and recommendation adopted sub nom. Garrison v. Gregerson*, 2020 WL 7059600 (D. Nev. Dec. 1, 2020). That requirement recognizes that "'[j]udges are not like pigs, hunting for truffles buried in briefs.'" *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Moreover, a party's argument on summary judgment can be "too undeveloped to be capable of assessment." *Hibbs v. Dep't of Hum. Res.*, 273 F.3d 844, 873 (9th Cir. 2001); *see also Wells Fargo Bank, N.A. v. Renz*, 795 F. Supp. 2d 898, 911 (N.D. Cal. 2011) (denying the defendants' request for summary judgment on claims for which defendants "offer[ed] a string citation to various cases and California civil jury instructions, without providing any explanation or analysis of how these authorities support their position"); *In re Katz Interactive Call Processing Pat. Litig.*, 883 F. Supp. 2d 935, 948 n.1 (C.D. Cal. 2010) (denying summary judgment because "the argument was so undeveloped that this Court can only reject the argument for failure to satisfy [the movant's] burden"). "[M]erely making a conclusory

argumentative statement without citation to law or analysis is insufficient either to competently raise the argument for judicial consideration or for a party to meet its burden on summary judgment." *Wright v. Old Gringo Inc.*, No. 17-CV-1996-BAS-NLS, 2018 WL 6788215, at *3 (S.D. Cal. Dec. 26, 2018).

Here, Plaintiff's Motion fails because this Court cannot discern the parts of each claim for which Plaintiff seeks summary judgment. To be sure, a court may grant summary judgment on specific elements of a claim. *See, e.g.*, *Innovative Sols. Int'l, Inc. v. Houlihan Trading Co. Inc.*, No. C22-0296-JCC, 2024 WL 866801, at *1 (W.D. Wash. Feb. 29, 2024) (granting summary judgment as to specific elements of an individual claim); *Spirit Master Funding II, LLC v. Herbst*, No. 2:13-cv-00398-JAD-GW, 2014 WL 4635590, at *2 (D. Nev. Sept. 12, 2014) (noting that Rule 56(a) provides a court with inherent authority to grant summary judgment on specific elements of a claim). But Plaintiff's Motion does not identify the elements of the individual claims upon which summary judgment is appropriate. *See* discussion *infra* Sections II (retaliation), III (discrimination). She also fails to identify the specific relief she seeks via this Motion. And even where this Court can discern the factual issue upon which Plaintiff moves, she fails to identify the *undisputed* material facts upon which her Motion should be granted, ignores Defendant's factual position, and invites this Court to sift through her version of the facts to hunt for those which are not in dispute. For those reasons, this Court cannot discern or ascertain the specific bases for Plaintiff's Motion for Summary Judgment, and her arguments are too undeveloped to be capable of assessment.

Plaintiff's motion therefore fails to comply with the basic requirements of Rule 56, and it should be DENIED for that reason.

**II. Plaintiff's discrimination claims.**

Notwithstanding this Court's difficulty in identifying the bases for Plaintiff's Motion, it presumes that Plaintiff is seeking partial summary judgment as to whether she has established a prima facie case of discrimination. If that presumption is correct, she fails to offer undisputed evidence that would establish the last two elements of a prima facie case.

Title VII prohibits employment discrimination based on race, color, and sex, 42 U.S.C. § 2000e-2(a)(1), and the ADEA prohibits employment discrimination based on age, 29 U.S.C. § 623(a)(1). To establish a prima facie case of discrimination, a plaintiff must demonstrate that: (1) they belong to a protected class; (2) they were performing according to their employer's legitimate expectations; (3) they suffered an adverse employment action; and (4) similarly situated individuals outside the plaintiff's protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 690–91 (9th Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).[4]

The parties do not appear to dispute the first two elements of Plaintiff's prima facie case.[5]

---

[4] If the plaintiff succeeds in establishing a prima facie case, then the burden of production shifts to the employer to articulate "a legitimate, non-discriminatory reason for the adverse employment action." *Reynaga*, 847 F.3d at 691. If an employer does so, then the plaintiff must "demonstrate that [the employer's] articulated reason is a pretext for unlawful discrimination by 'either directly persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658–59 (9th Cir. 2008) (citation modified) (quoting *Chuang v. Univ. of California Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000)). Here, Plaintiff does not argue that Defendant cannot, as a matter of law, "articulate a legitimate, nondiscriminatory reason" for the identified adverse employment actions, and Plaintiff fails to offer undisputed evidence as to pretext. Accordingly, this Court does not address those issues.

[5] Plaintiff asserts, and Defendant does not appear to dispute, that "she was a member of protected classes (female, Hispanic, brown, Mexican and over 40 years of age)[.]" Mot. 25; Ariston Decl. ¶

With respect to the third element of the prima facie case, Plaintiff asserts that there were multiple instances of adverse employment actions taken by Defendant. Mot. 25–26. An adverse employment action in a disparate treatment claim under Title VII or under the ADEA is one that "materially affect[s] the compensation, terms, conditions, or privileges of . . . employment." *Chuang*, 225 F.3d at 1126 (discussing Title VII); *see also Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018). Defendant argues that Plaintiff "cannot point to a single undisputed remark, let alone a specific adverse employment action[.]" Resp. 13. This Court agrees with Defendant. Plaintiff alleges multiple adverse employment actions, such as an investigatory interview, Ariston Decl. ¶¶ 13, 16, the denial of paid sick leave and placement on leave without pay status, *id.* at ¶ 19, assignment to the Eugene Southside facility, *id.* at 24, and "retaliatory" oversight by Mr. Spina-Denson, *id.* at ¶ 26. But it is not clear that all of these actions, as a matter of law, constituted adverse employment actions. Moreover, Defendant has offered evidence disputing that some of those actions occurred and disputing the adverse nature of those actions. *See, e.g.*, Spina-Denson Decl. ¶¶ 9–10, 13, ECF 117. Plaintiff has therefore failed to put forth *undisputed* evidence that would demonstrate, as a matter of law, that she sustained an adverse employment action.

Neither party directly addresses the fourth element of a prima facie case, which is that Plaintiff must demonstrate that similarly situated individuals outside plaintiff's protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. This Court previously concluded that Plaintiff had alleged circumstances giving rise to an inference of discrimination. Findings & Rec. ("FR") 9–

---

27, ECF 106-1. Plaintiff also asserts, and Defendant does not appear to dispute, that she was doing her job satisfactorily. Ariston Decl. ¶ 28.

12, ECF 41. But Plaintiff has failed to offer *undisputed* evidence that those circumstances occurred or that they surrounded the unidentified adverse employment actions. Indeed, Defendant disputes Plaintiff's allegations of discrimination and asserts that Plaintiff was treated "with dignity and respect." Milsnick Decl. Ex. B ("Spina-Denson Dep."), 107:3–10, 129:12–15, ECF 116-2. On Plaintiff's Motion for Summary Judgment, this Court must resolve all reasonable doubts and inferences in favor of Defendant. Therefore, Plaintiff's contested allegations—although they may give rise to an *inference* of discrimination—do not entitle her to summary judgment. *See Rose v. Plastikon Ind.*, No. C 10-04355 WHA, 2011 WL 6012544, at *2 (N.D. Cal. Dec. 1, 2011) (explaining that a plaintiff in an employment discrimination case cannot obtain summary judgment by presenting her own account of the events, which the defendant disputes).

Plaintiff's Motion for Summary Judgment as to her discrimination claims should therefore be DENIED.

**III. Plaintiff's retaliation claim.**

This Court presumes that Plaintiff is moving for summary judgment as to whether she has set forth a prima facie case for retaliation. Because Plaintiff has failed to identify *undisputed* material facts that support her allegations, and issues of Defendant's intent are not susceptible to summary judgment—at least on this record—her Motion should be denied.

Title VII prohibits employers from discriminating against an employee for "oppos[ing] any [unlawful] practice" under Title VII or participating in any Title VII "investigation, proceeding, or hearing . . . ." 42 U.S.C. § 2000e-3(a). To establish a prima facie case for retaliation, a plaintiff must demonstrate: (1) the plaintiff is engaged in a protected activity; (2) the employer subjected the plaintiff to an adverse employment action; and (3) there is a causal

link between the plaintiff's protected activity and the employer's actions. *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987).[6]

A plaintiff engages in protected activity when they "oppose[] any practice made an unlawful employment practice by [Title VII]," or "participate[] in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). An employment action is adverse if it "might . . . dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation modified). To establish that an adverse employment action had a causal link to a protected activity, a plaintiff must show that the defendant's "desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* at 360.

Here, there are genuine issues of material fact with respect to whether Plaintiff has set forth a prima facie case for retaliation. As this Court previously noted, Plaintiff engaged in at least five instances of protected activity through participation in EEO processes, FR 15, which Defendant does not appear to dispute on summary judgment. But there is a factual dispute as to whether the four alleged adverse employment actions occurred or, if they did, whether there was a causal link between those actions and the protected speech.

[6] If the plaintiff can establish a prima facie case, then the burden shifts to the employer to present legitimate reasons for the adverse employment action. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). If the employer carries this burden, then the "plaintiff must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext. Only then does the case proceed beyond the summary judgment stage." *Id.* (citation modified). Here, Plaintiff does not offer any evidence on USPS's legitimate reasons or whether they are pretextual. Accordingly, this Court does not address these issues.

First, with respect to the phone call on December 14, 2019, Mr. Spina-Denson denies that he yelled at Plaintiff and denies that the call or subsequent interview were retaliatory. Spina-Denson Decl. ¶¶ 3–10. For example, his declaration describes Plaintiff "hanging up on [him] during a phone call" as the reason for the investigatory interview, *id.* at ¶¶ 5, 10, which contradicts Plaintiff's assertion that her invocation of the USPS's policy during the call prompted the interview, Mot. 4–5. Second, Mr. Spina-Denson explains why Plaintiff was initially not credited with sick leave and provides a non-retaliatory basis for the denial. Spina-Denson Decl. ¶¶ 13–14. Third, Mr. Spina-Denson admits giving Plaintiff instructions to report to Southside, but he also provides a non-retaliatory basis for the request, which is that the office was "struggling." *Id.* at ¶¶ 7–8. Finally, Mr. Spina-Denson denies that he spent most of his time in Eugene directing Plaintiff's duties and instead asserts that he spent most of his time in Portland. Spina-Denson Dep. 129:16–23. These denials are sufficient to create a genuine issue of material fact for trial. *See Ware v. GEO Grp., Inc.*, No. C09-5159RBL, 2009 WL 4844672, at *5 (W.D. Wash. Dec. 10, 2009) (explaining that a plaintiff cannot obtain summary judgment where the Defendant articulates non-discriminatory reasons for the adverse action).

Even in the absence of these factual denials, it would be inappropriate to grant summary judgment to Plaintiff. It is her burden to establish the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. And a plaintiff cannot obtain summary judgment where the defendant's subjective intent remains at issue. *See Commodity Futures Trading Comm'n*, 611 F.2d at 283; *Warrington v. Roseburg Forest Prods. Co.*, No. 6:18-CV-00205-AA, 2020 WL 579558, at *2 (D. Or. Feb. 4, 2020). Mr. Spina-Denson generally denies Plaintiff's claims and avers that he treated her with "dignity and respect." Spina-Denson Dep. 129:12–15. Even if it was undisputed that each of the alleged adverse employment actions occurred, there remains an

issue of fact as to whether Mr. Spina-Denson's "desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Texas Sw. Med. Ctr*, 570 U.S. at 352. Because subjective intent remains at issue, Plaintiff is not entitled to summary judgment as to whether she has stated a prima facie case for retaliation.

For these reasons, Plaintiff's Motion for Summary Judgment as to her retaliation claim should be DENIED.

## IV. Defendant's evidentiary objections.

### A. Exhibit 1 (purported Second Amended Complaint).

Defendant objects to Plaintiff's submission of Exhibit 1, which Plaintiff represents is the Second Amended Complaint filed in this action, on the grounds that it is not the operative pleading and has multiple discrepancies with the Second Amended Complaint filed at ECF 30. Resp. 5–6. Plaintiff does not address Defendant's argument or proffer any basis as to why Exhibit 1 is admissible. Accordingly, Defendant's objection to Exhibit 1 should be SUSTAINED.

### B. Exhibit 8 (arbitration materials).

Defendant objects to materials received from a third-party subpoena on the grounds that the subpoenas were untimely, and the arbitration materials are inadmissible. Resp. 6–9. These documents contain allegations and findings related to Mr. Spina-Denson's treatment of USPS employees *other* than Plaintiff. *Id.*

Plaintiff has failed to offer any coherent argument as to how those documents establish, as a matter of law, that USPS subjected her to discrimination and retaliation. *See* Reply 15–16. Plaintiff argues that the documents "go[] to the USPS's lack of action to stop the harassment against [Plaintiff]," *id.* at 15, but the documents themselves do not relate directly to Plaintiff.

Accordingly, this Court did not rely on those documents to deny Plaintiff's motion for summary judgment, and the evidentiary objections should therefore be OVERRULED as moot. *Perez-Denison v. Kaiser Found. Health Plan of the Nw.*, 868 F. Supp. 2d 1065, 1091 (D. Or. 2012) (employing a similar approach when the court did not rely on the materials when ruling on a summary judgment motion). Defendant's procedural and substantive objections to the introduction of these documents should be reserved for trial.

**C. Exhibit 5 (confidential materials).**

Defendant objects to Plaintiff's filing of documents marked "CONFIDENTIAL" in support of her summary judgment motion. Resp. 9; Milesnick Decl. ¶ 3, ECF 116. Defendant requested that Plaintiff "file a request with the clerk to mark pages 105–18 from ECF 108 as CONFIDENTIAL per the terms of the [Stipulated Protective Order ("SPO")], but to date, those documents are still reviewable through public access." *Id.* In response, Plaintiff concedes that the confidential documents were not filed under seal. Reply 11. As to why this issue was not remedied, Plaintiff asserts that her counsel made "numerous" calls to the Court but never received a return call, Dimitre Decl. ¶ 3, and that "Plaintiff's counsel still awaits a call back from the Court." Reply 12.

Whether the documents at issue are designated as confidential has no bearing on whether summary judgment is appropriate in this case. Thus, Defendant's objections to Exhibit 5 on the grounds that Plaintiff failed to comply with the terms of the SPO should be OVERRULED. Regardless, the Clerk is instructed to designate pages 105–18 of ECF 108 as confidential pursuant to the terms of the Stipulated Protective Order.[7]

[7] Based on this record, it is clear that Plaintiff violated the terms of the SPO by filing confidential documents not under seal. *See* Order ¶ 4, ECF 56 ("If a non-designating party is filing a document that another party has designated as 'Confidential,' then the non-designating party

## RECOMMENDATION

For the reasons set forth above, Plaintiff's motion for summary judgment, ECF 104, should be DENIED. Defendant's objection to Exhibit 1 should be SUSTAINED. Defendant's objection to Exhibit 8 should be OVERRULED as moot. And the Clerk should be instructed to designate pages 105–18 of ECF 108 as confidential pursuant to the terms of the Stipulated Protective Order.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately

---

*shall* file the document under seal.") (emphasis added). But mistakes happen, and no apparent prejudice has resulted from that technical violation. Thus, while Defendant would be entitled to seek sanctions resulting from this violation, *see, e.g.*, *Cahill v. Nike, Inc.*, No. 3:18-CV-01477-JR, 2024 WL 3963809, at *5 (D. Or. Aug. 26, 2024), it understandably chose to address this issue in the summary judgment briefing.

It is unacceptable, however, for Plaintiff's counsel to place blame on Court staff for his failure to remedy this violation. Court staff in the District of Oregon are diligent and professional, and counsel's assertion that unidentified staff ignored numerous phone calls is questionable. But even if counsel's calls were not returned, it is not the responsibility of Court staff to advise counsel how to remedy *his* violation of this Court's protective order. An unopposed motion to seal the documents at issue would have quickly resolved this issue. Counsel's failure to remedy his violations of the protective order is not the fault of Court staff.

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 10th day of October, 2025.

/s/ ANDREW HALLMAN
ANDREW HALLMAN
United States Magistrate Judge