Thomas Dimitre SBN 276924
Thomas Dimitre Attorney at Law LLC
PO Box 801
Ashland, OR 97520
Tel: 541 890 5022
Fax: 541 488 4601
Email: dimitre@mind.net

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LENA ARISTON<br>Plaintiff,<br>vs.<br>POSTMASTER GENERAL OF THE UNITED STATES, DAVID STEINER<br>Defendant | Case No.: 3:21-cv-01669-HL<br><br>**PLAINITFF'S REPLY TO MOTION FOR LEAVE TO ALLOW REMOTE APPEARANCES** |

This is Plaintiff's Reply to Plaintiff's Motion for Remote Appearance.

In its response brief, Defendant only mentions Chris Pease, and does not address any of the other witnesses proposed for remote testimony. In fact, Defendant doesn't even mention the other witnesses by name. It does not provide any declaration from any of the proposed witnesses that there would be a hardship or substantial expense if they were required to testify, or what that hardship is.

Chris Pease has been addressed in Plaintiff's Response to Defendant's Motion to Quash.

But Chris Pease can be resolved by the Court allowing all of his testimony regarding his personal knowledge about Mr. Spina Denson's interactions with Ms. Ariston to be read in court from his deposition testimony.

**Good Cause Exists**

There is good cause for remote testimony for the following reasons:

1. The witnesses reside 100-150 miles from Portland;
2. All live within the State of Oregon;
3. All have relatively minor (less than an hour) of testimony.

**Remote Appearance Would Not Cause a Hardship or Substantial Expense**

Plaintiff has already paid for the travel expenses for all of these witnesses. In addition, there hasn't been a sworn declaration from any of the proposed witnesses that Plaintiff did not pay adequate travel expenses, that there would be a substantial hardship or what that hardship would be. [1] Without any sworn declarations of substantial hardship, Defendant's motion fails. In addition, if the Court allows them to appear remotely, there will not be any travel expense or hardship. The Court could allow them to appear remotely (or at trial) due to the fact that they are within the state and would not incur substantial expense, in compliance with FRCP 45 (c)(1)(B)

***Kirkland* Doesn't Apply**

Defendants cite to *Kirkland* but *Kirkland* simply doesn't apply. *Kirkland* dealt with witnesses who were out of state (US Virgin Islands), not witnesses within the state. So, the *Kirkland* court did not apply FRCP 45(c)(1)(B). That Court applied FRCP 45 (c)(1)(A). *Kirkland v. United States Bankr. Court for the Central Dist. of Cal.* 75 F.4th 1030 (2022).

Defendant's argument regarding *Kirkland* has no merit.

---

[1] Except in the case of Fred Cuthbertson – Defendant counsel makes a hearsay statement that Mr. Cuthbertson didn't receive a fee for travel.

**Defendant Does Not Cite to Any Particular or Specific Prejudice if Remote Appearance is Allowed**

Defendants do not cite to any particularized or specific reason as to how they would be prejudiced.

**Plaintiff Will Be Greatly Prejudiced if These Witnesses Don't Testify**

Defendant's attempt to whittle down Plaintiff's witnesses, if successful, will be greatly prejudicial to Plaintiff. These witnesses are people who witnesses the discrimination and retaliation of Mr. Spina Denson towards Ms. Ariston. They all have different perspectives and stories that the Court needs to hear. They are an integral part of Plaintiff's case.

**Plaintiff Will Work With the Court to Ensure Compliance with FRCP 43.**

Plaintiff will work with the Court's IT employees, and others, to ensure that any remote transmission is in compliance with FRCP 43.

**Conclusion**

For all of the reasons stated above, the Court should ORDER the witnesses to appear remotely. Mr. Pease should be ordered to appear remotely, or in the alternative, it should be ordered that Plaintiff may use all portions of his deposition transcript that refer to interactions between Mr. Spina Denson and Ms. Ariston. Plaintiff will make arrangements to ensure secure connections for all remote appearances. If for some reason the Court does not authorize remote testimony, Plaintiff requests that the Court order that the witnesses appear live at trial (except for Pease who will be out of the country).

By: /s/ Thomas Dimitre

__________________
Thomas Dimitre
Attorney for Plaintiff
Lena Ariston

Dated: November 23, 2026

I HEREBY CERTIFY that a true copy of the Economic Damages Statement was served upon Charles Agoos, AUSA, District of Oregon, Portland Division, 1000 SW 3rd Avenue #740, Portland, OR 97204, on November 22, 2026 by U.S. Mail, First Class Mail prepaid and dropped into a U.S. Mailbox in Ashland, Oregon. Also via PACER and email to: Charles.agoos@usdoj.gov

/s/ Thomas Dimitre

__________________

Thomas Dimitre
Attorney for Plaintiff
Lena Ariston

Dated: November 20, 2026